J-S07030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ANDERSON | : | |
| | : | |
| Appellant | : | No. 1422 EDA 2022 |

Appeal from the PCRA Order Entered May 11, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-1303719-2006.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 10, 2023**

Jeffrey Anderson appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On November 25, 2009, a jury convicted Anderson of aggravated assault and related crimes.  On April 9, 2010, the trial court sentenced him to an aggregate term of 23½ to 47 years of imprisonment.  Anderson appealed. We affirmed his judgment of sentence on July 11, 2011, and our Supreme Court denied Anderson's petition for allowance of appeal on February 6, 2013. ***Commonwealth v. Anderson***, 55 A.3d 141 (Pa. Super. 2011) (non-precedential decision), *appeal denied*, 63 A.3d 772 (Pa. 2013).  Anderson did not seek further review.

On April 17, 2013, Anderson filed his first PCRA petition. The PCRA court appointed counsel who filed an amended petition. After Anderson moved for removal of counsel, new counsel entered her appearance on August 20, 2015, and filed an amended PCRA petition on November 12, 2015. On October 24, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Anderson's petition as meritless and previously litigated. Anderson filed a response. By order entered January 27, 2017, the PCRA court dismissed Anderson's petition. Anderson appealed. On December 13, 2017, this Court affirmed the order denying him post-conviction relief. *Commonwealth v. Anderson*, 181 A.3d 1231 (Pa. Super. 2017) (non-precedential decision).

On December 31, 2019, Anderson filed the PCRA petition at issue, his second. The PCRA court appointed counsel. On April 7, 2022, PCRA counsel submitted a "no-merit" letter and a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his letter, although PCRA counsel did not directly address the petition's timeliness, counsel did state that, after a review of the file and Anderson's petition, Anderson "does not fall within any exception that would permit him to file a Petition." No-Merit Letter, 4/7/22, at 2 (unnumbered).

On April 11, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Anderson's second petition without a hearing because PCRA counsel had determined the claims he wished to raise were meritless. The court further stated that Anderson's petition was "untimely filed and [did] not invoke

an exception" to the PCRA's time bar.[1]  Anderson did not file a response.  By order entered May 11, 2022, the PCRA court dismissed Anderson's petition.  This timely appeal followed.  Both Anderson and the PCRA court have complied with Pa.R.A.P. 1925.

Anderson challenges the denial of his most recent attempt to obtain post-conviction relief.  Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error.  ***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted).  We apply a *de novo* standard of review to the PCRA court's legal conclusions.  ***Id.***

Although Anderson has raised four substantive issues in his *pro se* brief, we must first determine whether the PCRA court correctly concluded that Anderson's second petition was untimely filed, and that he failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional.  ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

---

[1] PCRA counsel was also granted permission to withdraw.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Anderson's judgment of sentence became final on May 7, 2013, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Anderson had until May 7, 2014, to file a timely petition. Because Anderson filed the petition at issue in 2019, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

- 4 -

Anderson has failed to plead and prove a timeliness exception. Initially, our review supports the PCRA court's conclusion that Anderson did not invoke a timeliness exception within his petition. Thus, we could affirm on this basis alone. **Burton**, **supra**.

Within his brief, Anderson's contends that the merits of his second petition may be considered because he has established that a "miscarriage of justice" occurred in his case. Anderson's Brief at 17 (citing **Commonwealth v. Lawson**, 549 A.2d 107 (Pa. Super. 1988)). As noted by the Commonwealth, because Anderson did not raise this claim in his petition, it is waived. **See** Pa.R.A.P. 302(a) (providing issues not raised in the lower courts are waived and cannot be raised for the first time on appeal).

Moreover, as further recognized by the Commonwealth, Anderson's reliance on **Lawson** is misguided:

> On appeal, [Anderson] asserts that his petition alleged a "miscarriage of justice" and that such an allegation constitutes a "constitutional right" exception the timeliness requirements [pursuant to] § 9545(b)(1)(iii). [Anderson] is mistaken. First, the exception in §9545(b)(1)(iii) is based on *new* constitutional rights held to apply retroactively. [[Anderson[ has not asserted what constitutional right he relies on, but merely misinterprets the holding of [**Lawson**, **supra**], which states:
>
>> "a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred."
>
> **Id.** at 112. Contrary to [Anderson's] assertions, the miscarriage of justice showing for subsequent petitions is not an exception, but rather a standard which is required *in addition* to the timeliness requirements imposed under the statute. **Commonwealth v. Carpenter**, 725 A.2d 154, 160 (Pa. 1999).

- 5 -

Commonwealth's Brief at 7.[2]   Indeed, *Lawson* was decided before the timeliness exceptions were first enacted.  ***See Commonwealth v. McMullen***, 276 A.3d 240, at **4 n.9 (Pa. Super. 2022) (non-precedential decision) (stating, that because *Lawson* predated the 1995 timeliness amendments to the PCRA, it is no longer binding authority).

In sum, Anderson has failed to plead, let alone prove, the applicability of any of the PCRA's timeliness exceptions.  Therefore, this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. ***Derrickson***, ***supra***.   We thus affirm the PCRA court's order dismissing Anderson's second PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2023

---

[2] In his reply brief, Anderson contends that the Commonwealth's timeliness argument is "moot" because it did not raise such a challenge before the PCRA court.  Appellant's Reply Brief at 10.  As noted above, the timeliness of a PCRA petition affects the PCRA court's jurisdiction.  ***Derrickson***, ***supra***. Thus, the failure of the Commonwealth to raise the claim below is irrelevant.